Dear Representative Seikel,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Can a practitioner of the healing arts legally delegate,supervise or train someone else (licensed or unlicensed) toperform permanent cosmetics or tattooing under his/her control,supervision or monitoring?
¶ 1 Permanent cosmetics, or tattooing, is defined by statute as "insert[ing] pigment under the surface of the skin of a human being, by pricking with a needle or otherwise, so as to produce a permanent indelible mark or figure visible on the skin." 21 O.S.1991, § 841. This section further provides that it is unlawful for any person to tattoo any person. However, the prohibition against tattooing does not apply to "any act of a licensed practitioner of the healing arts performed in the course of his practice." Id.
¶ 2 Title 59 O.S. 1991, §§ 731.3-731.4 of the Unlawful Practice of Healing Arts Act provide that it is illegal for a person to engage in the practice of the healing arts unless that person holds a legal and unrevoked license authorizing the person to practice the healing art covered by the license. Section 731.5(4) (Supp. 1999) of the Act provides that services by a physician's trained assistant "who is assisting a licensed physician to render services within the licensed scope of practice of the physician, if the assistant is under the supervision and control of the physician" are allowed and do not constitute the unauthorized practice of the healing arts by the assistant.
¶ 3 However, the exception to the prohibition against tattooing in 21 O.S. 1991, § 841[21-841] only applies to acts of licensed practitioners of the healing arts. Since a physician's trained assistant is not a licensed practitioner of the healing arts, the physician's trained assistant cannot legally tattoo any person pursuant to 21 O.S. 1991, § 841[21-841]. Whether or not the physician controls, supervises or monitors the tattooing is irrelevant since the services of a trained assistant, even if monitored or supervised, do not constitute the acts of the licensed practitioner of the healing arts. Further, with respect to training by a licensed practitioner of the healing arts, to the extent it requires the trainee to perform an act of tattooing on a person, it is prohibited since a trainee is not a licensed practitioner of the healing arts under 21 O.S. 1991, § 841[21-841].
 ¶ 4 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. A practitioner of the healing arts cannot legally delegateor supervise someone else (licensed or unlicensed) to performpermanent cosmetics or tattooing under his/her control,supervision or monitoring pursuant to 21 O.S. 1991, § 841.
 2. A practitioner of the healing arts cannot train someoneelse (licensed or unlicensed) to perform permanent cosmetics ortattooing under his/her control, supervision or monitoring if thetraining requires the trainee to perform an act of tattooing on aperson pursuant to 21 O.S. 1991, § 841[21-841].
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
ELIZABETH SCOTT ASSISTANT ATTORNEY GENERAL